```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

KIMBERLY B. KEARNEY

                Plaintiff,        1:16-cv-00652-MAT
        -v-                       DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____
```

## INTRODUCTION

Kimberly B. Kearney ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## PROCEDURAL BACKGROUND

On February 28, 2014, Plaintiff protectively filed an application for DIB, alleging disability as of June 28, 2013, due to posttraumatic stress disorder, arthritic knees, depression, and obesity. Administrative Transcript ("T.") 93-94. The claim was initially denied on May 19, 2014. T. 109-15. At Plaintiff's request, a video hearing was conducted on May 12, 2016, in Kansas

City, Missouri by administrative law judge ("ALJ") Michael A. Lehr, with Plaintiff appearing via video conference with her attorney in Buffalo, New York. A vocational expert ("VE") also testified. T. 65-92. The ALJ issued an unfavorable decision on May 23, 2016. T. 23-42. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on August 2, 2016, making the ALJ's decision the final determination of the Commissioner. T. 1-6. This action followed.

**THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2019. T. 28.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in ongoing substantial gainful activity since June 28, 2013, the alleged onset date. He also found that although Plaintiff had worked since the alleged onset date, the activity, for the most part, did not rise to the level of substantial gainful activity. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: obesity, osteoarthritis of the bilateral knees, lumbar pain, posttraumatic stress disorder ("PTSD"), and depression. *Id*.

2

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 29.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations: can lift and carry up to ten pounds frequently, and up to twenty pounds occasionally; can stand and/or walk for about six hours out of an eight-hour workday; can sit for about six hours out of an eight-hour workday; can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; should never climb ladders, ropes, or scaffolds; no concentrated exposure to temperature extremes, vibration, or work hazards; limited to simple unskilled work with no contact with the general public, and only occasional contact with supervisors and coworkers; work should be self-paced and not work such as assembly line or factory work. T. 32.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a housekeeper/cleaner. T. 40. In the alternative, at step five, the ALJ relied on the VE's testimony to find that there are unskilled jobs existing in the national economy Plaintiff was able to perform, including the representative occupations of garment sorter, mail clerk, and

3

marker. T. 41. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 42.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ erred in substituting his own lay judgement for that of all medical opinions of record; and (2) the ALJ erred in failing to do a full and proper assessment of Plaintiff's "symptom intensity" as required under 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 16-3p. For the reasons discussed below, the Court finds Plaintiff's arguments without merit and affirms the Commissioner's final determination.

**I. Evaluation of the Medical Opinions of Record**

As noted above, Plaintiff contends that the ALJ failed to appropriately evaluate the medical opinions of record and instead relied on his own lay judgement. The Court has summarized these opinions and the ALJ's consideration thereof below.

**A. Opinion of Treating Psychiatrist Dr. Loida Reyes**

On April 29, 2014, Plaintiff's treating psychiatrist Dr. Reyes completed a Mental Impairment Questionnaire jointly with Plaintiff's treating therapist, Nicole Hynes, LMHC. T. 415-18. In the questionnaire, Dr. Reyes and LMHC Hynes noted Plaintiff's treatment was in the early stages, with a focus on building the therapeutic relationship. T. 415. For clinical findings, they noted Plaintiff was depressed with preoccupations and ruminations, poor self image and esteem, and anxiety and depression. *Id.* In areas of function limitations, Dr. Reyes and LMHC Hynes opined Plaintiff had marked limitations with activities of daily living, and

5

difficulties maintaining social functioning. T. 417. They further opined Plaintiff had moderate limitations with concentration, persistence, or pace, with no known repeated episodes of decompensation within a twelve month period. *Id*. Dr. Reyes and LMHC Hynes also opined Plaintiff suffered from a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause Plaintiff to decompensate. T. 418. They opined Plaintiff would be absent from work more than four days per month due to treatment or her impairments. *Id*. Finally, they noted that Plaintiff has difficulty interacting and engaging with others due to her heightened sensitivity to perceived ridicule. *Id*.

In his decision, the ALJ gave little weight to Dr. Reyes' opinion because it was inconsistent with the actual findings documented in the record, and generally not supported by the record as a whole. T. 39. For instance, at a March 3, 2014 treatment session, Dr. Reyes noted that despite showing a depressed and anxious mood, Plaintiff was cooperative, with a full affect, clear speech, and logical thought process. T. 34 referring to T. 303. The ALJ further explained that Dr. Reyes' opinion was unsupported by the objective evidence of record, including findings of the psychological consultative examiner, Dr. Butensky, and treatment notes showing a Global Assessment of Functioning ("GAF") of 65.[1]

---

[1]

The ALJ further noted that according to the fourth edition of the Diagnostic and Statistical Manual of Mental Disorders, which

6

*Id*. The ALJ noted the GAF rating was consistent with the overall evidence of record, including Plaintiff's admission that medication helps with her ability to engage in work activity. T. 39.

**B.     Opinion of Consulting Psychologist Dr. Christine Ransom**

On April 17, 2014, Dr. Ransom examined Plaintiff for a consultative psychological evaluation. T. 407-10. Dr. Ransom noted Plaintiff rode the bus approximately five miles to the evaluation, received her high school diploma in regular education, and has worked in a housekeeping capacity up to twenty-eight hours per week since September 2013. T. 407. Dr. Ransom noted Plaintiff reported being depressed and anxious. *Id*. Plaintiff reported she wakes frequently during the night, overeats, and has gained one hundred pounds in the last six years. *Id*. Plaintiff reported crying spells, irritability and low energy. T. 407-08. Dr. Ransom noted Plaintiff had good concentration, but socially isolates, preferring to only interact with immediate family and her dog. T. 408. Plaintiff reported panic attacks when she leaves the house, especially when she has to ride the bus or be in close proximity to people. However, Plaintiff reported her panic attack symptoms do not prevent her from fulfilling her job duties. *Id*.

---

is published periodically by the American Psychiatric Association, a GAF score of 61-70 indicates some mild symptoms or some difficulty in social, occupational, or school functioning, but generally the individual is functioning pretty well, and has some meaningful interpersonal relationships. T. 39.

On examination, Dr. Ransom noted Plaintiff was cooperative and socially appropriate. She had adequate hygiene and grooming, and appropriate eye contact. T. 408. Plaintiff's speech was fluent and intelligible; her quality of voice was clear, mildly dysphoric and tense. Her thought processes were coherent and goal directed. *Id*. Plaintiff's attention and concentration were intact; her recent and remote memory skills were also intact, with good insight and judgement. T. 409.

In her source statement, Dr. Ransom opined Plaintiff showed no evidence of difficulty following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration for simple tasks, maintaining a simple, regular schedule, and learning simple new tasks. T. 409. She further opined Plaintiff would have mild difficulty performing complex tasks, relating adequately with others and appropriately dealing with stress due to mild PTSD, mild major depressive disorder, and mild panic disorder with agoraphobia. *Id*.

In his decision, the ALJ gave great weight to Dr. Ransom's opinion, which he noted to be consistent with the record as a whole and well-supported by the objective evidence of record. T. 38. He further noted that Dr. Ransom provided detailed explanation of her examination findings and that her opinion was well-supported by mental health therapy notes showing a history of trauma, but

8

current relatively normal functioning and ability to engage in work activity with psychotropic medication. *Id*.

### C. Opinion of State Agency Review Psychologist Dr. C. Butensky

On May 14, 2014, State Agency psychologist Dr. Butensky completed a Psychiatric Review Technique Form and Mental Residual Functional Capacity assessment. T. 97-99; 101-03. After reviewing the medical opinions of record, Dr. Butensky noted the totality of evidence indicates Plaintiff has a mild to moderate psychiatric impairment, though she had recently commenced treatment that was expected to improve her function. T. 99. Dr. Butensky concluded Plaintiff had mild restrictions in activities of daily living and maintaining concentration, persistence or pace, and moderate limitations in maintaining social functioning. T. 98. He also opined Plaintiff has the capacity to perform simple and some complex job tasks, with mild to moderate limitations in her ability to sustain attention and concentration, adapt to changes in a routine work setting, and interact appropriately with coworkers and supervisors. *Id*.

The ALJ afforded Dr. Butensky's opinion partial weight, noting that the objective evidence received at the hearing level established that Plaintiff's medically determinable mental impairments cause more limitation in her ability to perform basic work activities than Dr. Butensky opined. T. 38. For instance, at the hearing, Plaintiff testified she does not like being around

9

men, prefers to be alone, and that being around more than one person at a time makes her feel closed in. T. 33 referring to T. 82.

   D.  **The ALJ's Evaluation of the Medical Opinions of Record was Proper and Well-Supported by Substantial Evidence**

Plaintiff argues the ALJ's evaluation of the opinions of Dr. Reyes, Dr. Ransom, and Dr. Butensky was improper because he effectively rejected all of the opinions, despite claiming to afford them little weight, great weight, and partial weight, respectively. Plaintiff further argues that the effective rejection of all three opinions left the medical record void of an opinion to support the RFC. Plaintiff also contends that in the absence of an opinion, the ALJ impermissibly assumed the role of a psychiatrist and medical expert. For the reasons set forth below, the Court finds these arguments are without merit.

The Court notes the Second Circuit has repeatedly held that although a treating physician's medical opinion generally receives deference, it is not afforded controlling weight when it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004) (internal citations omitted); *see also* 20 C.F.R. § 404.1527(d)(2).

Here, the ALJ found Plaintiff's treating psychiatrist Dr. Reyes' opinion inconsistent with the medical record as a whole and generally unsupported by the record. T. 39. The Court finds no

error in this conclusion. As discussed above, the ALJ supported his decision to afford little weight to Dr. Reyes' opinion with specific examples from the record, including Dr. Reyes' own treatment notes and the findings of Dr. Butensky. *See Byrne v. Berryhill*, 284 F. Supp. 3d 250, 259 (E.D.N.Y. 2018) (consultative physicians's opinion may constitute substantial evidence to afford less than controlling weight to treating physician's opinion); *Shaffer v. Colvin*, No. 1:14-CV-00745 (MAT), 2015 WL 9307349, at *4 (W.D.N.Y. Dec. 21, 2015) (ALJ properly rejected treating physician's opinion where it was inconsistent with his own treatment notes). Accordingly, the Court finds the ALJ's evaluation of Dr. Reyes' opinion to be well-supported.

To the extent Plaintiff argues the ALJ "effectively rejected" the opinions of consultative examiner Dr. Ransom and State Agency review psychologist, Dr. Butensky, and instead developed the RFC by "acting as a psychiatrist and medical expert" the Court finds this argument also lacks merit. When assessing a disability claim, an ALJ is required to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources." *Id.*; *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and*

*recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion.").

Furthermore, where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand. *See Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("the fact that the ALJ's RFC assessment did not perfectly match Dr. Balderman's opinion, and was in fact more restrictive than that opinion, is not grounds for remand"); *Savage v. Comm'r of Soc. Sec.*, No. 2:13-CV-85, 2014 WL 690250, at *7 (D. Vt. Feb. 24, 2014) (finding no harm to claimant where ALJ adopted an RFC determination that was more restrictive than medical source's opinion).

The ALJ was within his discretion in determining that Dr. Ransom's opinion that Plaintiff would have mild limitations in performing complex tasks, relating adequately with others, and appropriately dealing with stress was consistent with the record as a whole and well-supported by the objective evidence of record. T. 38. However, he also found the medical record as a whole, including Plaintiff's hearing testimony, supported a more restrictive RFC finding. Specifically, the ALJ found Plaintiff should be limited to simple unskilled work that is self-paced, with no contact with the general public, and only occasional contact with supervisors and coworkers. T. 32. This finding comports with

12

several aspects of Dr. Butensky's opinion, including the conclusion that Plaintiff would have mild to moderate limitations in her ability to sustain attention and concentration, adapt to changes in a routine work setting, and interact appropriately with coworkers and supervisors. *See* T. 98. It was not erroneous for the ALJ to adopt various aspects of Dr. Ransom and Dr. Butensky's opinions while rejecting others, so long as he properly set forth his reasons for doing so. *See Walker v. Colvin*, 3:15-CV-465 (CFH), 2016 WL 4768806, at *10 (N.D.N.Y. Sept. 13, 2016) ("[A]n ALJ may properly credit those portions of a consultative examiner's opinion which the ALJ finds supported by substantial evidence of record and reject portions which are not so supported.") (quotation omitted).

The ALJ explained that he had credited aspects of Plaintiff's testimony regarding her limitations, and so assessed a somewhat more restrictive RFC than identified by the consultative examiners. The Court finds no error in this determination by the ALJ. *See Torbicki v. Berryhill*, No. 17-CV-386(MAT), 2018 WL 3751290, at *5 (W.D.N.Y. Aug. 8, 2018) ("The ALJ's decision to credit Plaintiff's claims that he had difficulties with sitting and standing and include additional limitations in the RFC finding was permissible and did not result in any harm to Plaintiff. Accordingly, it is not a basis for reversal or remand of the Commissioner's final determination.").

For the reasons discussed above, the Court finds the RFC to be supported by substantial medical evidence of record, including the

opinions of Dr. Ransom and Dr. Butensky. Plaintiff's contention that the RFC finding was unsupported and developed without a medical opinion is unsupported by the record as a whole. Accordingly, remand for this reason is unwarranted.

II. **The ALJ's Assessment of Plaintiff's "Symptom Intensity" and the Application of Social Security Ruling 16-3P**

Plaintiff also argues the ALJ improperly assessed Plaintiff's "symptom intensity," as required by 20 C.F.R. § 404.1529 and SSR 16-3p. For the reasons set forth below, the Court disagrees.

SSR 16-3p, which became effective March 28, 2016, supersedes SSR 96-7p, which was promulgated in 1996. *See* SSR 16-3P, 2016 WL 1119029, at *1; SSR 96-7P, 1996 WL 374186, at *1. On October 25, 2017, the SSA republished SSR 16-3p, detailing how to apply the ruling as it relates to the applicable date. Specifically, the SSA indicated that adjudicators should apply SSR 16-3p rather than SSR 96-7p when making a determination on or after March 28, 2016. *See* SSR 16-3P, 2017 WL 5180304, at *1. As the ALJ's decision was dated May 23, 2016, SSR 16-3p applies here.

While SSR 96-7p placed a "stronger emphasis on the role of the adjudicator" to make a credibility finding of a claimant's statements pertaining to their symptom(s) and its functional effects, the newer SSR 16-3p sets forth "a more holistic analysis of the claimant's symptoms, and 'eliminates the use of the term credibility' from sub-regulation policy." *Acosta v. Colvin*, No. 15-CV-4051, 2016 WL 6952338 at *18 (S.D.N.Y. Nov. 28, 2016) (quoting

14

SSR 16-3P, 2016 WL 1119029, at *1). Under SSR 16-3p, when evaluating a claimant's symptom intensity, "[t]he ALJ must consider the entire case record, including objective medical evidence, a claimant's statements about the intensity, persistence, and limiting effects of symptoms, statements and information provided by medical sources, and any other relevant evidence in the claimant's record." *Vered v. Colvin*, No. 14-CV-4590(KAM), 2017 WL 639245, at *15 (E.D.N.Y. Feb. 16, 2017) (citing SSR 16-3P, 2016 WL 1119029, at *4-6). Furthermore, SSR 16-3p makes it clear that the evaluation of a claimant's subjective symptoms is not an evaluation of the claimant's character. SSR 16-3P, 2016 WL 1119029, at *1.

At the hearing, Plaintiff testified she cannot walk, sit, lay, or sleep due to problems with her back. T. 77. She stated she is in pain within twenty minutes of sitting or standing. *Id*. Plaintiff also testified she has arthritis in her knees and legs, and that losing weight has not reduced the pain. T. 78-79. Plaintiff stated she did not know if she could lift ten pounds, but was able to lift five pounds. T. 80. Plaintiff testified she does her own grocery shopping and laundry, though she rests every few houses when she walks to the laundromat, which is about ten minutes away from her house. T. 82. She also prepares meals for herself in the microwave. *Id*. Plaintiff testified she feels closed in and very nervous when she's around people and has panic attacks. T. 82-83.

After careful consideration of the evidence, the ALJ found that "Plaintiff's medically determinable impairments could

15

reasonably be expected to cause the alleged symptoms." T. 35. He further found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record...." *Id*. The ALJ provided significant detail regarding the basis of this finding, noting there is little objective evidence of record to support the alleged severity of the symptoms Plaintiff described at the hearing. *Id*. Specifically, the ALJ noted no physical restrictions have been recommended by Plaintiff's treating doctor, and she has had no physical therapy, pain management, epidural injection therapy, or use of a TENS unit during the relevant time period. T. 35-36. Furthermore, imaging studies failed to show any severe orthopedic abnormalities, while numerous physical examinations have yielded grossly normal results without evidence of any significant orthopedic findings. T. 36. Regarding Plaintiff's mental impairments, the ALJ noted Plaintiff had been treated for depressive disorder and anxiety disorder, but clinical observations indicate she is capable of performing full-time work within the mental parameters of the RFC finding. T. 36.

The Court finds the ALJ appropriately considered Plaintiff's statements regarding the intensity of her symptoms, and assessed those statements in light of the record evidence as a whole. To the extent the ALJ may have improperly relied on SSR 96-7p when making his determination, the Court finds that the ALJ's evaluation of Plaintiff's subjective testimony nonetheless comported with the

standards set forth in SSR 16-3p. Notably, the ALJ clearly demonstrated he considered the entire case record, including objective medical evidence, Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, and statements and information provided by the medical sources, as required by SSR 16-3p. *See Vered*, 2017 WL 639245, at *15. Accordingly, the Court finds any error pertaining to the application of SSR 16-3p was harmless. *See id.* at *16 (despite making a credibility determination that SSR 16-3p no longer permits, the ALJ's evaluation of plaintiff's subjective testimony comported with SSR 16-3p and was supported by substantial evidence). The Court accordingly finds that remand is not warranted on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 13) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 16) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   November 2, 2018
         Rochester, New York